In re ASSOCIATED AIR SERVICES, INC., Debtor.

ASSOCIATED AIR SERVICES, INC., Plaintiff,

v.

BROWARD COUNTY, Defendant.

Bankruptcy No. 83–02276–BKC–AJC.

ADV. No. 88–0303–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

Jan. 8, 1990.

David Wm. Boone, Atlanta, Ga., for Associated Air Services, Inc.

Patrick Barry, Blackwell, Walker, Fascell & Hoehl, Miami, Fla., for Broward County.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER having come before the Court for non-jury trial on Wednesday, May 24, 1989, with continuations on Wednesday, May 31, 1989, and Thursday, November 30, 1989; and with the Court having heard argument of Counsel, having reviewed and considered the law and the evidence presented, having conducted a "view" of the premises, and being otherwise fully advised in the premises, does make the following findings of fact and conclusions of law:

### I. FINDINGS OF FACT

A. *Jurisdiction.*

1. Associated Air Services, Inc., is a Florida corporation, conducting business as a Fixed Base Operation at the Fort Lauderdale–Hollywood International Airport, in Broward County, Florida, which is within the Southern District of Florida.

2. Associated Air Services, Inc., is presently conducting operations as debtor in possession, under the protection of Chapter 11, of the United States Bankruptcy Code, in the United States Bankruptcy Court, Southern District of Florida, and this action was brought under Part VII of the Bankruptcy Rules as an adversary action to establish through declaratory judgment an appropriate lease amount under a lease extension agreement between the debtor and Broward County.

B. *Declaratory Judgment.*

1. Associated Air Services, Inc., owns and holds a lease (hereinafter referred to as the "original lease") on property owned by the Defendant, Broward County, being made the 27th day of December, 1966. (Plaintiff's Exhibit 1).

2. The lease term under the original lease was 20 years, commencing on the 1st day of January, 1967, and was to expire on the 31st day of December, 1986.

3. The leased premises comprise approximately 23.264 acres, located on the southern boundary of the Fort Lauderdale–Hollywood International Airport, and the parties contemplated Plaintiff's predecessors construction of facilities including Airplane hangars, shops and offices, pavements, and utilities.

4. The leased premises have been the principal place of Plaintiff/debtor's business, or that of Plaintiff's predecessor, from the date of commencement, through the present.

5. On the 19th day of November, 1968, Broward County, as lessor, and Plaintiff's predecessor, as lessee, entered into a "Lease Option Agreement," permitting lessee the option to extend the "original lease" for an additional 10 years, beginning January 1, 1987. (Plaintiff's Exhibit 2).

6. Plaintiff has rightfully exercised its option for the 10–year lease extension.

7. Paragraph 1a of the Lease Extension Agreement provides in part, "At the original expiration date of the Lease, rentals are to be paid by Lessee on all improvements which exist at the time of execution of this Lease Option Agreement. Rental rates shall be established by the County at the beginning of this extended period of the Lease ..."

8. No rental rate for the lease extension period was set by the county prior to the expiration of the lease. (Testimony of Jack Lee).

9. In early 1987, Mr. Jack Lee, as Airport Property Manager for the Broward County Aviation Department, upon the instruction of his superiors, notified Associated Air that the new lease amount would be $360,000 per year. That amount was computed as 12% of the appraised amount from the McGary Appraisal. (Testimony of Jack Lee).

10. Associated Air rejected the lease amount as unreasonable, and refused to pay same. (Testimony of Charles Hiett, Jack Lee).

11. On April 22, 1987, Jack Lee revised the rental rate, and presented proposed rental of $66,865 for 19.3 acres of developed property, including all of the improvements, office buildings, hangers, utilities and ramp facilities, etc. An additional $43,-560 was proposed for the remaining undeveloped approximately four (4) acres. This lease amount was officially set forth by letter from Mr. Lee dated January 11, 1988. (Defendant's Exhibits 4 & 16).

12. Associated Air rejected the revised rental as being unreasonable in light of the other leases on the airport, and commenced this declaratory judgment action.

13. The property which is the subject of this litigation is airport property that was deeded to Broward County by the United States Government, under a conditional deed agreement, and is an airport for which Broward County receives substantial developmental assistance. The Court takes judicial notice that the requirements for the continuation of the original deed, and the acceptance of funds for development require that the airport remain open for public access in the National Airspace Program that there be no discrimination among users. Further, the County must comply with all applicable Federal laws, regulations, executive orders, policies, guidelines and requirements as they relate to the application, acceptance and use of Federal funds. The Airport and Airway Improvement Act of 1982 requires the submission of certain assurances on the part of the public agency sponsor, seeking the funds. (Testimony of Herbert Godfrey, and 49 U.S.C.App. 1301, et seq., 49 U.S.C.App. 2201, et seq.).

14. The court has been presented with a number of leases on the airport, explanations as to the operations of each lease holder, the circumstances of the lease, and the lease terms. The court finds that it is necessary to consider comparisons of similar tenants and usage.

15. Associated Air Services, Inc., is a full service Fixed Base Operation, providing services to general aviation, including tie down parking space, fuel, oil, hanger

space, etc. Associated Air occupies facilities that were constructed in the late 1960's, which remain substantially in their original condition. Associated Air is operating under a 10 year lease extension, granted as a result of the construction of substantial improvements to the property.

16. Only two of the other properties at the airport occupy what the Court considers the same or similar position as Associated Air Services. Those properties have been referred to as Walker's a/k/a Sheltair North, and the Thomas Boy property. Both the Sheltair North and Boy properties were granted 10 year lease extensions within the last 24 months. Both properties occupy older existing buildings, and both cater to general aviation aircraft. The other properties presented were dissimilar either in use, facility age, location, the fact that they were new leases, or a combination of these factors.

17. Jack Lee has testified as airport property manager that lease amounts are to be based upon an equal percentage of appraised value. Based upon the varying conditions of the properties, ranging from undeveloped raw land to exclusive use fuel storage facilities, to new and modern buildings, and further based upon the great range of rental rates, the court finds that the County has not, in the past, used a fixed and identifiable measure for the establishment of rents.

18. The Court has heard testimony from the Director of Planning for the Broward County Aviation Department, Mr. Ray Lumbomski, that immediately prior to the exercising of the lease option by Associated Air, the County was making major changes to the Airport Master Plan which materially impacted upon the allowable use of the Associated Air property. In fact, under the proposed changes to the master plan, the property occupied by Associated Air would completely change in use, for the purpose of constructing a noise abatement berm, and Associated would be required to vacate the premises. The Court finds that in attempting to set the lease rental rate under the extension by the county, the county has not dealt with Associated Air in good faith and fairness, and has apparently attempted to use economic coercion to cause Associated to vacate its rights under the "lease option agreement".

19. The Court has viewed the properties of Sheltair North and Thomas Boy, and finds them to be similar to the property of Associated Air, if not, in fact more elegant.

20. The appraised values of the properties which the court finds similarly situated in facility, use and lease extension are as follows:

i. Sheltair—12.43 Acres

Ten Year Lease Extension—April 1989

Rental (Per Annum)—$41,865.83

= 1.44% of Appraised Value (2.9 Million)

ii. Thomas Boy—18.23 Acres

Ten Year Lease Extension—January 1988

Rental (Per Annum)—$53,158.37

= 1.51% of Appraised Value (3.5 Million)

21. Applying the percentages of appraised value formula per the other similarly situated, the rental on Associated Air's parcel would be $43,200 to $45,300.

22. Broward County has disagreed with the net rental figures suggested by the plaintiff for the Thomas Boy property. It is the county's position that the Boy rental rate is set at a higher figure, with certain credits. The court finds this position to be incredible in light of the evidence. On June 21, 1988, the county entered into a lease extension with Thomas Boy for the straight lease amount of $66,094.95. (See Plaintiff's Exhibit 30B). Less than two months later, on the 30th of August, 1988, the county entered an Amendment to the lease extension agreement, setting the lease rental rate at $98,436.40, with certain credits, reducing the actual amount to be paid by Thomas Boy to $53,158.37. (See Plaintiff's Exhibit 30A). The court finds that Plaintiff's position, that the reduction in the rental rate for Thomas Boy, and the method of using the offsets, is another example of the County's attempt to obfuscate the actual rentals being paid at the airport to facilitate a policy of non-standard rental settings.

23. Plaintiff has also presented credible evidence regarding the leasing of other airport property, including what has been referenced as the General Aviation Federal

Inspection Facility (GAFIS). This Court has listened to testimony about the procedure used for the letting of the GAFIS facility. The Court is of the opinion that the procedure used was nothing short of outrageous, and should be the subject of a Grand Jury investigation. The Court further finds that because of the irregularities in the placing of the lease, the GAFIS does not represent a fair market rental value for the property, and concludes that the people of Broward County have been taken to the cleaners once, and it would be inappropriate to penalize them for the prior apparent questionable deeds of the administration.

24. The court further finds that the nature of the leasehold of Associated Air has been changed and restricted by certain actions of the county, reducing the desirability of the property to the Plaintiff and the Plaintiff's business. These changes include the relocation of perimeter road, causing Plaintiff to be required to use a State Highway, with it's restrictions on use, as opposed to using a county road for servicing off-site customers; The relocation of the Customs facility from directly across the southern runway, to a private location on the west side of the airport; the relocation of the building restriction line for future construction and expansion, and a general emphasis in the reduction of the numbers of General Aviation aircraft utilizing the airport.

25. The Court recognizes that Associated Air asserts more claims against the County than have been entertained in these proceedings. Recognizing that the establishment of the lease rate is an issue which affects the continuation of the business of the debtor, the court has entertained this action for declaratory judgment solely on the rental rate. The court has specifically not addressed *any* issue other than the specific setting of the appropriate rental rate for this parcel of property. The court leaves for a different forum any claims for money damages, restrictions of use, loss of peaceful possession, or any other issues that may be presented by the Plaintiff.

## II. CONCLUSIONS OF LAW

1. Under the implied conditions of the contract (lease) between the parties, Broward County owes an affirmative duty of good faith to Associated Air Services, Inc., in the establishment of a "reasonable" rental rate for the leased premises. The terms and conditions of the "original lease" and "lease option agreement" demonstrate a duty of economic non-discrimination.

2. Under the conditions of the deed of trust, from the United States Government to Broward County, as well as the Assurances for Airport and Planning Agency Sponsors entered into by the county as a condition for the acceptance of federal funding for the improvement of the airport, Broward County has an affirmative duty not to discriminate against any person or entity on the airport premises. More specifically, under Part V, Sub-paragraph "C", titled Sponsor Certification, Paragraph 22, "Economic Nondiscrimination", "c", "Each fixed-based operator at any airport owned by the sponsor shall be subject to the same rates, fees, rentals, and other charges as are uniformly applicable to all other fixed-based operators making the same or similar uses of such airport and utilizing the same or similar facilities."

3. Broward County has violated its duty in the proposed setting of the rental rate, both at the original $360,000 figure, as well as the revised proposed $110,000 amount.

4. Absent an agreement of the parties, this court has the power to establish an appropriate and fair rental rate.

5. The best measure of the appropriate rental for the subject property is a comparison to the two lease extension agreements of Thomas Boy and Sheltair North. Applying the same percentage of appraised value, and recognizing that the property of the Plaintiff is considered by the court to be less desirable in location, and less elegant in facility, the court sets the rate at $45,300 per year for ten years, commencing on January 1, 1987.

IT IS THEREUPON ORDERED AND ADJUDGED that: this Court shall enter its Final Declaratory Judgment not inconsistent with the foregoing.

DONE AND ORDERED.

FINAL DECLARATORY JUDGMENT

THIS MATTER having come before the Court after non-jury trial; and with the Court having previously issued its Findings of Fact and Conclusions of Law, and being otherwise fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED that: declaratory judgment in favor of Plaintiff, Associated Air Services, Inc., and against Defendant, Broward County, be entered and the annual rental rate for the lease agreement between the parties dated the 27th day of December, 1966, and the Lease Option Agreement, dated the 19th day of November, 1968, be hereby set and established as $45,300 per annum, retroactive to January 1, 1987, and continuing throughout the ten-year term thereof.

IT IS FURTHER ORDERED AND ADJUDGED that: the Court retains jurisdiction to tax costs in favor of Associated Air Services, Inc., upon proper motion to the court.

DONE AND ORDERED.